GRACIE DUBOIS, by her next friend, C. L. DUBOIS, her father, Appellee, v. H. J. LUTHMERS, A. J. LUTHMERS, ET AL., Appellants.

**Negligence:** SALE OF GASOLINE: EVIDENCE: INCONSISTENT STATEMENTS. In this action for personal injury to a child, the result of an explosion of gasoline claimed to have been negligently sold and delivered to plaintiff as kerosene in a can not intended for gasoline, plaintiff's father had testified to having a can about his place and that immediately after the accident he sent it back to the defendants, that he had himself previously purchased gasoline which was put in the can and that the can was painted red.    There was also evidence tending to show that the can was not sent back but was in possession of the family the day following the accident and that it had lettering on it as required by the statute.    *Held,* that evidence of a conversation between the father and defendants shortly after the accident, to the effect that he did not blame defendants, as he had a gasoline can, was admissible.    Held also that it was competent to show that on the day following the accident members of the family were seen in possession of a gasoline can properly painted and lettered; and that the declarations of those in possession of the can as to what they where going to do with it were admissible, as verbal acts explanatory of their possession.

**Same:** EVIDENCE: *Res gestae.*    To be admissible as part of the *res gestae* it is not necessary that the statements be made by a party to the action; nor is time of controlling importance under all circumstances.    Thus in an action for injury to a child due to an explosion of gasoline, statements of the mother made a few minutes after the accident as to how it occurred were admissible as part of the *res gestae.*

**Negligence:** DEFINITION.    An instruction that negligence consists in doing something which a person of ordinary prudence and care would not have done or would not have omitted to do under the same or similar circumstances, while not as clear a statement as might be made, is not on that account reversible error.

*Appeal from Oelwein Superior Court.*—HON. D. M.
PORTER, Judge.

THURSDAY, MAY 5, 1910.

ACTION at law to recover damages for personal injuries received by plaintiff due to an explosion of gasoline, which gasoline it is charged was delivered and put in a can not marked as required by law; and negligently delivered to plaintiff without informing her of the fact that it was gasoline. Defendants' answer was in effect a general denial. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $2,500. Defendants appeal.—*Reversed.*

*Jay Cook* and *W. B. Ingersoll,* for appellants.

No appearance for appellee.

DEEMER, C. J.—Plaintiff claims that her mother sent her and her brother Guy, a boy of six years of age, to defendants' store to buy ten cents worth of kerosene; that they took with them a dark red two-gallon can which did not have the word gasoline printed on it; that the children went to the defendants' store, called for the kerosene, and that defendants, instead of putting kerosene into the can, put in gasoline and delivered it to the children, who took it home with them in the can which they took to the store. After they had brought the can home, plaintiff, by the direction or consent of her mother, undertook to start or replenish the fire in a cook stove preparatory to the preparation of a meal, and in so doing she turned some of the contents of the can into a cup and put it on the fire, resulting in an explosion which caused the injuries complained of. There is much dispute in the testimony regarding the character of the can into

which defendants put the gasoline, and also as to what plaintiff and her brother ordered when they went to defendants' store, so that the trial court was justified in submitting these matters to the jury by proper instructions. The manner in which the case was submitted is shown by the following instruction given to the jury as a part of the court's charge: "Par. 7. The burden is on the plaintiff to prove by a preponderance of the evidence: (a) That the defendant A. J. Luthmers as agent for H. J. Luthmers, was negligent and did not use ordinary care in the manner charged in the petition either (1) in delivering to the boy Guy Dubois, or to him and plaintiff, gasoline when he asked for kerosene, and not informing him thereof; or (2) that defendant did deliver to the boy Guy Dubois or to him and plaintiff, gasoline in a can not properly painted or labeled as the law provided. (b) That she was injured by reason of such negligence and want of care on the part of defendants and while using some of the substance in starting a fire while using ordinary care. (c) That she in no way by her negligence contributed to produce the injury complained of." By section 2510j, Code Supp. 1907, it is provided: "Every person dealing at retail in gasoline in this state shall after the first day of January, 1907, deliver the same to the purchaser in quantities of more than one quart, and less than six gallons, only in such barrels, casks, packages, cans or measures, painted vermillion red and having the word gasoline plainly stenciled or marked thereon. No such dealer shall deliver kerosene in a barrel, cask, package or can painted or marked as above." There was testimony strongly tending to show that the can in which the gasoline was delivered was painted a vermillion red, and that it had lettering thereon; but the significant thing about the matter is that plaintiff took the can whatever it may have been from her parents who owned it, and presented it to the defend-

ants as a proper receptacle for the gasoline or kerosene, no matter which it may have been that plaintiff ordered. Moreover, the can as presented to the defendants had some oil in it when presented to the defendants. The fact that defendants may have violated the law in putting gasoline into a kerosene can is not material to an inquiry in this case. Even though this may have been a violation of law, it was in no sense the proximate cause of plaintiff's injuries. Had it been kerosene, doubtless plaintiff would not have been injured, although this is entirely a matter of conjecture.

I. The chief matters relied upon for a reversal are alleged errors in the admission and rejection of testimony and erroneous instructions claimed to have been given by the trial court. As to rulings on evidence, we find the following: Plaintiff's father and next friend was a witness for plaintiff, and the record shows the following with reference thereto: "I am the father of plaintiff in this case, and brought this action for her as her next friend. I have had charge of this litigation at all times. Q. State whether or not you was in Luthmer's Cash Grocery Store a few days after this accident occurred. A. I was. Q. Do you remember a conversation that you had with A. J. Luthmer at that time? A. Yes, sir. Q. Do you remember of stating in that conversation to Mr. Luthmer in the presence of Ed. Luthmer that you did not blame them in particular, as you had a gasoline can, or words to that effect? (Objected to by plaintiff's counsel as immaterial, irrelevant, incompetent, not in any way tending to contradict anything the witness has testified to on the direct hearsay. Objection sustained. Defendant excepts.)" Witness Ed. Luthmer was then called by defendant, and the record shows the following: "Q. You may state whether or not a day or two after the accident complained of in this case you overheard a conversation between Mr. Du

1: NEGLIGENCE: sale of gasoline: evidence: inconsistent statements.

Bois and your nephew, A. J. Luthmer? A. Yes, sir. Q. In which Mr. Du Bois made the statement that he did not blame any one in the store as he had a gasoline can? A. Yes, Sir. (Objected to by plaintiff's ˏcounsel as immaterial, irrelevant, incompetent, hearsay, and no proper foundation has been laid for its introduction. Objection sustained. Defendant excepts.)"

The witness had already testified as to his having a can about his place, and that immediately after the accident he sent it back to defendants, and that he had once himself purchased gasoline which was put into the said can. He further said that the can was painted red. Moreover, there was testimony tending very strongly to show that this can was not sent back to defendants as claimed, but that it was in possession of plaintiff's family the next day after the accident, and that it had lettering upon it. In view of this record, we think the trial court was in error in the rulings above set out. The testimony was certainly impeaching in character, and should have been received.

Again, certain of plaintiff's children were seen in possession of a gasoline can the morning after the accident, and a witness was asked as to their declarations while in possession of the can as to what they were going to do with it. The testimony tended to show that this can was properly painted and labeled. As it was competent to show their possession of this can, their declarations as to what they were going to do with it was admissible as verbal acts explanatory of their possession. This is fundamental law.

II. Within ten minutes after the explosion and accident, a Mrs. Hodge appeared upon the scene, and defendant offered to show what Mrs. Du Bois, the mother of the plaintiff, stated as to how the accident occurred. This was, as we think, part of the *res gestae,* and should have been received. It

2. SAME: evidence: *res gestae.*

is not necessary to the admissibility of such testimony that the declaration be made by a party to the action. Other things being shown declarations of a third party are competent. 11 Ency. of Evidence, 337, and cases cited. The time element, while important, is not controlling under all circumstances. We think the testimony should have been admitted.

III. Some of the instructions are complained of. One, the fourth, reading as follows: "Par. 4. Negligence consists in doing something which a person of ordinary prudence

3. NEGLIGENCE: definition.

and care would not have done or would not have omitted to do under the same or similar circumstances"—is not as clear as it might have been, but we would not reverse for this error alone. Other instructions are not erroneous. They need not be set out, as they relate to elementary principles of law.

For the errors pointed out, the judgment must be, and it is, *reversed*.