WILLIAM MOONEY, Appellee, v. W. H. CANIER, Appellant.

PRINCIPAL AND AGENT: Torts—Operation of Automobile Without
1  Authority. The owner of an automobile is not liable for damages
   resulting from its operation when he had not expressly or impliedly
   authorized its operation nor had knowledge of its being so operated;
   and no inference or presumption of such authority will be indulged
   from the fact that an adult stepson who boarded at the home of the
   owner, but who had a business of his own, had operated the vehicle
   at times when the owner *was present in the car*.

TRIAL: Instructions—Undue Burden. When plaintiff was required,
2  in order to recover, to show that defendant's operation of his vehicle was "willfully careless and negligent," the defendant may
   not complain that an additional burden was placed on plaintiff to
   show that such operation was "north of the center of the street."

NEGLIGENCE: Concurrent Negligence—Instructions. Instructions
3  relative to concurrent negligence reviewed, and held to present no
   error.

*Appeal from Boone District Court.*—G. D. THOMPSON, Judge.

MARCH 11, 1924.

REHEARING DENIED JUNE 28, 1924.

ACTION for damages to the plaintiff's automobile, caused by a collision with an automobile driven by the defendant. A counterclaim was filed in behalf of the defendant, which, on motion of the plaintiff, was withdrawn by the court. A verdict was returned in favor of the plaintiff, and the defendant appeals.—*Affirmed.*

*W. W. Goodykoontz* and *T. J. Mahoney,* for appellant.

*Baker, Doran & Baker,* for appellee.

FAVILLE, J.—I. On or about the 27th day of September, 1921, appellee was the owner of a Mitchell touring car. On the evening of said day, one Powers, stepson of appellee, was driving said car upon a street in the city of Boone, when he came into collision with the automobile of appellant. Both cars received substantial damage as a result of the collision. The street upon which the accident occurred runs east and west. Appellee's car was being driven in a westerly direction, and appellant's car was being driven in an easterly direction. A car belonging to a third party was parked on the south side of the street, and nearly parallel to the curb. Appellant was driving his car immediately opposite and close to the car that was so parked, at the time the collision occurred. A large amount of evidence was introduced in regard to the exact location and direction of the two cars at the time they came together, and in regard to the point of impact upon each of said cars, and also in regard to the speed of each car. All of these fact questions were matters for the consideration of the jury, and its finding thereon is conclusive on this appeal.

II. Complaint is made of the action of the trial court in sustaining appellee's motion to withdraw appellant's counterclaim from the consideration of the jury.

This motion was predicated primarily upon the contention that the car of appellee was being driven, at the time of the injury, by the stepson of appellee, and that there was no evi-

dence that the same was being driven with the knowledge or consent of appellee, or with his authority, or that the driver was acting as the agent, servant, or employee of appellee at the time of the collision. The evidence of appellee was that he was the owner of the car in question, and that, at the time of the collision, he was in the state of Colorado. The driver of the car, Powers, was the stepson of appellee, and was an unmarried man, twenty-eight years of age. The undisputed evidence shows that he roomed and boarded at appellee's home, and paid eight dollars a week for his room and board. He had formerly owned a car of his own, which he sold shortly before appellee went to Colorado. Appellee testified that he thought Powers had never used the car at any time when he was not present with him, and that he had never given him permission to use the car prior to the accident, and did not know he was going to use it. Appellee's wife accompanied him on his trip to Colorado, and during his absence his mother-in-law kept the house, and Powers continued to room and board there. Appellee testified that Powers did not ask him about using the car before he left, and that he did not tell Powers he could use it, and did not know he intended to use it. Powers testified that he had driven the car probably four or five times before the accident; that, on the night of the accident, he took the car from the garage where it was kept, and picked up two friends at a pool hall, and went for a ride; and that during the course of the ride the accident in question occurred. This evidence was not disputed.

1. PRINCIPAL AND AGENT: torts: operation of automobile without authority.

Upon this state of the record, the question arises as to whether or not appellee could be held liable for the negligence of Powers in operating the car. The case did not come within what is sometimes called the "family rule" with respect to the use of an automobile. The car was not purchased by appellee with any purpose or intention of its use by Powers as a member of his family. Powers had a car of his own, which he operated for his own purposes until very shortly before the accident occurred, and appellee purchased his car a long time prior thereto. The mere fact that an adult stepson, twenty-eight years of age, roomed and boarded at appellee's home, and was engaged in

his own business, did not bring him within the so-called "family rule," in such a way as to make the owner of the car liable for his unauthorized act in driving the same. The fact that he may have driven the car a few times with the consent of the owner (and the evidence tends to show that, whenever this was done, it was when the owner accompanied him) would not be sufficient evidence of authority, permission, or consent for the use of the car in the absence of appellee and wholly without his knowledge or consent. In order that appellee could be held liable for the negligent operation of his car by Powers, it was necessary that something more should be established than was disclosed from the record in this case.

Appellant relies upon the case of *Landry v. Oversen,* 187 Iowa 284, and *Baldwin v. Parsons,* 193 Iowa 75. Both of these cases were reviewed by us in the recent case of *Curry v. Bickley,* 196 Iowa 827. As in the last cited case, so in the case at bar, the court did not err in refusing to submit to the jury the question of appellee's liability merely from the fact that, because he was the owner of the car, an inference should be indulged in that it was being operated for him or under his direction, at the time of the accident.

It is also contended that appellee is liable for the negligence of the driver of the car because of the terms of Section 12 of Chapter 275 of the Acts of the Thirty-eighth General Assembly, which provides:

"In all cases where damage is done by the car, driven by consent of the owner, by reason of the negligence of the driver, the owner of the car shall be liable for such damage."

We have had this statute under consideration in the case of *Rowland v. Spalti,* 196 Iowa 208, and also in *Curry v. Bickley,* supra.

The facts in the case fail to bring it within the terms and provisions of this statute. The car was not being driven "by consent of the owner," but, under the undisputed facts, it was being driven without the owner's knowledge or consent, and by the man Powers, for his own pleasure and convenience, and not in any way as the agent, servant, or employee of appellee. There was, therefore, no evidence of liability on the part of appellee,

either under the so-called "family rule" or under the statute. The court did not err in sustaining the motion to withdraw the appellant's counterclaim.

III.   Complaint is made of the giving of Instruction No. 6, wherein the court told the jury that the statute provides that the operator of a motor vehicle, in cities and towns, shall at all times travel on the right-hand side of the street, and that, if it found from a preponderance of the evidence that appellant did willfully, carelessly, and negligently run his automobile to the north side of the center of the street and against the automobile of appellee, then such act would constitute negligence.

2. TRIAL: instructions: undue burden.

In another instruction the court correctly defined negligence and ordinary care.  Chapter 275 of the Acts of the Thirty-eighth General Assembly, Section 26, Paragraph a, provides that the operator of a motor vehicle "in cities and towns shall at all times travel on the right-hand side of the center of the street." The failure to obey this statute would constitute negligence *per se.*

Just what is meant by the "center of the street" is a matter discussed by counsel, but one which we do not deem it necessary to determine in this case.  It is a matter of common knowledge that automobiles and other vehicles are generally parked on both sides of streets, and that the space available for travel is necessarily greatly lessened by the presence of such parked cars.  Many other obstacles frequently occur in a portion of the street, narrowing the passageway.  It is contended that the "center of the street," as used in this statute, means the mathematical center between the curb lines; while, on the other hand, it is contended that the center of the street means the center of the "traveled portion," or the space available for travel on the street at the time.  We are not required to decide this question in this particular case, for the reason that the court, in the instruction complained of, did not place the liability for negligence upon appellant solely because of the fact of the presence of his car (if it was so present) in whole or in part on the north side of the center of the street.  The instruction was qualified by the expression, "if the defendant *willfully,*

*carelessly,* and *negligently''* ran his automobile north of the center of the street, then he would be liable for negligence. Under this instruction the jury had a right to take into consideration the condition of the street at the time, and the contention of appellant that he was passing an automobile that was parked against the south curb, and that he was driving as close to the vehicle so parked as the conditions of safety would warrant. In other words, under the instruction as given, the jury would not have been authorized to find appellant guilty of negligence from the mere fact that, in passing the parked automobile, his car extended beyond the center of the street; but, under the instruction, before he would be liable even under such a state of facts, the jury must also find that he did so drive the car "willfully, carelessly, and negligently."

The instruction might well have been amplified and made more specifically applicable to the facts of the case; but it was not erroneous as given, and no prejudice could have resulted to appellant therefrom. The jury could not have been misled thereby, nor did the court err in refusing to give requested Instruction C.

IV. It is urged that the court erred in giving the jury Instructions 4, 7, and 8, on proximate cause.

The sole ground of negligence alleged was the claim that appellant willfully, carelessly, and negligently drove his car on the north side of the street and against the automobile of appellee. In Instruction No. 7, the court told the jury that appellee must establish, by a preponderance of the evidence, that appellant was negligent in the particulars charged in the petition, and must further establish by a preponderance of the evidence "that such negligence was the proximate cause of the injury and damage to the automobile of the plaintiff, or contributed as a proximate cause thereto."

3. NEGLIGENCE: concurrent negligence: instructions.

In Instruction No. 8, the court, among other things, told the jury that:

"If you fail to find that such negligence, if any there was, was a proximate cause of the injuries and damages complained

of in this case, or contributed as a proximate cause thereto, then the verdict must be for the defendant.''

The evident thought of the trial court was to advise the jury that the negligence of appellant, if such there be, must be a proximate cause of the injury complained of, but that it need not be the sole proximate cause of the injury complained of. What the court doubtless had in mind was the thought that, if appellant was guilty of negligence and the driver of appellee's car was also guilty of negligence, and the damage to appellee's car was the result of the concurrent negligence of both parties, and the negligence of appellant was a proximate cause of the injury, even though it was not the sole proximate cause of the injury, appellee could recover.

Complaint is made by appellant that the instructions complained of did not sufficiently explain and amplify the law relative to the case, and that, while they correctly stated abstract propositions of law, they were not complete enough to furnish an adequate guide to the jury in respect to the law pertinent to the questions involved.

The instructions as a whole are properly subject to the criticism that they did not as fully and completely explain the law pertinent to the case as would have been desirable and advisable; but they were not erroneous and were not misleading, and they did correctly state the law applicable to the subject-matter in question. The jury could not have misunderstood them or have been misled thereby.

We find no prejudicial error in this matter that would require interference on our part. We therefore reach the conclusion that the judgment of the trial court must be—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.