MRS. PAUL CUTHBERTSON, Appellee, v. H. S. HOFFA, Appellant.

DECEMBER 13, 1927.

REHEARING DENIED MARCH 10, 1928.

*F. M. Haradon* and *C. H. E. Boardman,* for appellant.

*F. E. Northup,* for appellee.

KINDIG, J.—Riverside Street, in Marshalltown, runs east and west, while North Third Avenue (a paved thoroughfare 34 feet wide from curb to curb) extends north and south, intersecting the former highway at right angles. The place of the accident in question is located about a half block north of the intersection. At this place, on the particular occasion, was a city dump

wagon facing south, on the west side of "North Third Avenue," next to or near the curb.

About 7:30 in the evening of Friday, September 4, 1925, plaintiff-appellee was proceeding south on the last named public way in an automobile (a Dodge coupé) driven by her husband. Simultaneously, defendant-appellant's minor son was operating another car (a Ford roadster) thereon, traveling in a northerly direction. Riding with him at the time were his mother and a young lady. It was dark, and the headlights on each car were burning. Between the approaching vehicles was the "dump wagon." After appellee had ridden to a point just beyond the obstruction named, the collision occurred. Due to the impact, appellee received the injuries of which she complains. Negligence alleged is failure of appellant's chauffeur to: First, keep to the right side of the center of the "street," and second, observe and know of the on-coming motor in which appellee was a passenger. In answer, appellant, as defendant, denied generally and specifically each and every allegation of the petition.

Errors relied upon for reversal will now be considered in the order assigned.

I. Complaint is made because of the court's refusal to submit to the jury two instructions asked by appellant. These were that: First, appellee could not recover if the Hoffa car was east  of the center line of the "avenue," and second, she could not succeed until it was established that the Cuthbertson car was west of the "center line" thereof. This position is untenable. If, as claimed by appellant, the "dump wagon" was so far extended to the east that it could not be passed by appellee's machine without encroaching upon the east half of the road, lack of due care would not necessarily prevent Mr. Cuthbertson from making the imperative circumvention, so long as in thus proceeding he was free from carelessness. *McElhinney v. Knittle,* 199 Iowa 278; *Herdman v. Zwart,* 167 Iowa 500. As announced in those decisions, the situation depends upon the facts in each particular case. That is to say, if the circumstances warrant, there could be a recovery even though there was failure to prove either or both of the prerequisites laid down by appellant in the charges demanded.

II. Grievance is based upon the allegation that the district

court told the jury that plaintiff could prevail "if the operator of defendant's car failed to observe and know of the approach of the car in which the plaintiff was riding."

Such contended fallacy is founded upon the thought that the admonition amounted to the direction of a verdict. Too narrow an interpretation is placed upon the court's language.  Construction requires that the entire statement be considered, in order to harmonize the paragraphs and give meaning to each. When so done in the case at bar, the result will be a defeat of appellant's argument; for what that tribunal really did was to state the substance here complained of as one of appellee's grounds of "negligence." It was a true statement of that portion of the petition. Following this was the warning:

"If you fail to find that the plaintiff has established each and every of the material allegations as above set forth, then it will be your duty to find a verdict for the defendant."

Succeeding that was a definition of "negligence" and proximate cause. Expressing the idea in another manner, what was truly indicated is: First, the grounds named in the "petition" as forming the right to obtain relief; and second, burden of sustaining the same by a preponderance of the evidence under the "instructions" was upon appellee.

With this as a guide, the jury could and did perform its duty in finding the facts, without any suggestion from the trial court as to what such final conclusion should be.

III. Equally unmeritorious is the fault found regarding that which was told the fact-finding body in reference to appellant's coupé's being on the wrong side of the drive. Dissertation analogous to that previously set forth concerning "failure to observe" can well be repeated here. Subsequent to a declaration that the basic pleading contained a cause of action supported by the averment that the Ford "failed to keep the right-hand side of the road," appropriate advice was furnished with reference to "the burden of proof," "negligence," and "proximate cause," together with a recitation of the statutory requirements. No intimation was given by the court that the act pleaded as wrongful constituted "negligence" *per se,* but rather, that the "allegation" must be confirmed by sufficient

"evidence," under the rules and regulations enumerated and defined in the complete "instructions."

IV. Reversal is predicated upon the theory that there was a mistake in permitting recovery for future pain and suffering, due to absence of a required "allegation" therefor in the "petition," and the want of showing life expectancy. Appellee, in her itemization of injuries suffered, stated that they were "serious and permanent," and that she had suffered "physical pain" because thereof. An attending physician testified that some of the harm caused appellee's body was permanent, and that it had and would continue to cause her physical pain and suffering. Motion for more specific statement was not directed at the "petition," and more definite "instructions" were not asked. Having omitted the exercise of his prerogatives in this respect, appellant has no right to complain of the "instructions." *Bayles v. Savery Hotel Co.*, 148 Iowa 29. *Breen v. Iowa Cent. R. Co.*, 159 Iowa 537, contains this language:

"The petition did not in terms specify pain and suffering as one of the elements of damage. It did allege that Kelleher received 'serious and permanent injuries * * * .' It is undoubtedly true that the plaintiff could have been required to specify in his petition the elements of damage claimed. But no such requirement was made, by motion or otherwise. Under our previous holdings, evidence of pain and suffering was admissible under these allegations, and the plaintiff was entitled to have the same submitted to the jury."

Introduction of the "tables of expectancy" was not essential to the verdict. Medical testimony is present in the record to substantiate the lasting effect of the "injury." We said in *Morris v. La Bahn*, 194 Iowa 377: "There is no merit in the contention that appellee should have used the life tables. *Beems v. Chicago, R. I. & P. R. Co.*, 67 Iowa 435; *Willis v. Schertz*, 188 Iowa 712."

Likewise, appellant is in no position to attack the "instructions" bearing on the question of allowing damages upon the general basis, rather than present worth, because suggestion was not made for a more certain and complete "instruction" concerning

"present worth." *Hutcheis v. Cedar Rapids & M. C. R. Co.*, 128 Iowa 279. Phraseology of the "instructions" at this place is:

"Plaintiff's recovery, if any, should be such a sum as in your judgment would be a fair compensation for the injuries she has sustained * * * ."

Nothing more, under the occasion, was needed. See *Clark v. City of Cedar Rapids*, 129 Iowa 358.

V. Newly discovered evidence is asserted as a reason for a new trial, but the substance of the purported testimony of the  alleged witness is cumulative in its nature, rather than furnishing something for that which did not previously exist. Other witnesses who saw the accident related a similar story. Unwarranted exercise of discretion on the part of the trial court in overruling this motion is not shown.

VI. Discussion is indulged in by appellant under the doctrine of the physical-facts rule. Application of that principle has no place under this record. Because the "dump wagon"  was so far extended eastward, it is urged that necessarily, then, the Cuthbertson motor must have traveled across the center line of the "avenue" in passing. Manifestly, no attention by appellant at this juncture is paid to appellee's testimony, which was to the effect that there was sufficient space to allow passage between the east side of the "dump wagon" and the "center line of the street," for the reason that the "obstruction" was parallel with and immediately adjacent to the west curb. Those disputed accounts of the happening were properly submitted to "the jury," and by it found adversely to appellant. Power to change that result does not exist in us. And even if transgression was made over on the east, or left-hand, side, the event would not necessarily be fatal to appellee's proceeding, if the surrounding conditions gave warrant thereto. As before announced, the entire space may be utilized, within the limitations defined by law.

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.