JESSE H. RIDDLE, Appellee, v. JOHN FRANKL et al., Appellants.

No. 41702.

1084

Mᴀʀᴄʜ 14, 1933.

D. M. Kelleher and Sullivan, McMahon & Linnan, for appellants.

Quarton & Miller, for appellee.

 Sᴛᴇᴠᴇɴꜱ, J.—The major proposition relied upon for reversal is the alleged contributory negligence of the appellee. A brief recital of the record will make clear the claims of the respective parties. It would be difficult to imagine a case in which the evidence is in more direct conflict. Wayne Riddle, appellee, who was fifteen years of age, attended the Bryant High School in Algona. Immediately after school closed for the day on April 30, 1931, appellee, according to the testimony introduced in his behalf, was struck by an automobile driven by the wife of the owner, knocked to the pavement, and severely injured. North Street, on which the accident occurred, extends east and west immediately south of the Bryant schoolhouse grounds. There is a walk leading from the center of the building south to the sidewalk and to the parking on the north side of North Street. There is a driveway leading into the school grounds fifty-three feet east of the sidewalk. The evidence shows without dispute that Wayne Riddle, pursued by a fellow student, ran from the school grounds to the north side of the street. According to the testimony introduced on his behalf, he went upon the street from the driveway and proceeded in a southerly and southwesterly direction to a point about six feet north of the south side of the street and a few feet east of the walk in front of the schoolhouse where

he was struck. One witness testified that he had traveled about forty feet west and twenty-nine feet south from the driveway when he was struck by appellant's car. All of the witnesses for appellee testified that he was struck by the left fender of appellants' car, which was proceeding westward on the south side of the street. The testimony on behalf of appellants tended to show that appellee ran down the walk in front of the school building onto the street and against the right front fender of appellants' car.

Mrs. Frankl testified that she saw Wayne coming from the north just as he struck the right fender of her automobile with his hands. There was ample testimony to sustain the contention of either party as to the facts. Testimony on behalf of appellants tended also to show that the car, when stopped, was north of the center of the pavement. The speed of the automobile, according to the testimony of appellee's witnesses, was from thirty to thirty-five miles per hour, and, according to the testimony of appellants, it did not exceed eight or ten miles per hour. Wayne testified that he stopped running before entering the street, that he looked both ways, and saw no automobile approaching.

According to the testimony of the driver of the automobile, about twelve feet of the north side of the street was occupied by cars parked at that place. Obviously, if the jury had accepted the testimony on behalf of appellants, a verdict must have been returned in their favor. On the other hand, if the testimony on behalf of appellee was believed, the jury must have found that the car was being operated at a rate of speed prohibited by law and on the wrong side of the street.

It is insisted by appellants that contributory negligence on the part of Wayne Riddle is shown quite conclusively by the physical facts. It is true that some of the witnesses for appellee testified that they saw the car approaching about sixty feet from the east and that Wayne testified that he looked; that the street was unobstructed and that he did not see the automobile approaching. The automobile, according to appellee's testimony, was at least a block away. These are, of course, facts tending to show contributory negligence on the part of the injured boy, but they cannot be segregated from the rest of the testimony. If appellants' automobile was being driven on the right-hand side of the center of the pavement and Wayne reached a point forty feet west and twenty-nine feet south of the driveway, the accident could not have happened. This is true for

the reason that he would necessarily have been in a place of perfect safety. He did not, upon his theory of the facts, attempt to enter the street immediately in front of appellants' automobile. Indeed, as stated, it is the claim of appellants that Wayne ran into the automobile and that he would not otherwise have been injured. If appellee's version of the facts is the correct one, then the fact that he looked and did not see the automobile, when he should have seen it, becomes only a link in the chain of evidence. The fact, if it be conceded that he entered the street in front of appellants' car, loses much of its significance if the jury could, under the evidence as a whole, have properly found that he was struck when six feet north of the south side thereof. He had passed a considerable distance to the south of the automobile if it were proceeding on the north side of the center of the pavement, as claimed by appellants. The left fender of appellants' car was at least thirty feet south of the north side of the pavement, if the accident occurred at the point described by the witnesses for appellee. The full width of the pavement was 37.3 feet. It is suggested in argument that a truck and automobiles parked on the north side of the street made it necessary for the driver to turn to the left and pass beyond the center of the pavement. The jury could have found otherwise, or at least that it would have been necessary for the automobile to pass but slightly south of the center. According to the testimony in appellants' behalf, the automobile was at all times on the right side of the pavement. If this testimony be accepted as true, then there was no necessity for the automobile's being at the place of the accident as disclosed by the testimony of the witness for appellee. It is true that if the course of appellants' automobile on the right side of the pavement was obstructed by automobiles and trucks to such an extent that it became necessary for it to be driven on the left side of the street, this would not constitute negligence. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552. Having driven upon the left side of the center of the pavement, it was the duty of appellant to observe care commensurate with the hazard naturally resulting from the presence of traffic going in the opposite direction or of pedestrians on that side of the street. At the time the injuries were received, appellee was proceeding in a southwesterly direction so as to face cars approaching from the west. Whether he saw, or should have seen, appellants' car approaching from the east when he went upon the street upon his theory, he had no reason to suspect its presence in his rear at a point six feet from

the south curb. There is nothing in the record which would justify the driver in going that far south of the center of the street. Of course, Wayne was bound to exercise ordinary care and he could not ignore the possible approach of vehicles from his rear on the wrong side of the street.

However, he was in a position of comparative safety if the usual and ordinary course of traffic was observed. According to the testimony of the witnesses for appellee, he was, when struck, thrown anywhere from eight to fifteen feet. The nature and extent of the injuries shown tend to corroborate the theory of appellee that the car was proceeding at a rate of speed in excess of ten miles per hour. Wayne had a cut about one and one-half inches long on the back of his head, the right side of his face was bruised and swollen, and he bled from the right ear, and had a fractured collar bone. He was unconscious immediately after the accident.

According to the testimony in behalf of appellants, when he struck the right fender with his hands, he whirled and fell upon the ground. The car, according to their testimony, was stopped immediately. The jury had the right to consider the testimony of both sides in all its phases, together with the circumstances disclosed and, therefrom, to determine whether or not appellee was guilty of contributory negligence. Of course, if a case was not made out by appellee in the first instance, appellants' motion for a directed verdict should have been sustained, but, it seems to us, that this court cannot, upon any theory of the case, hold that appellee was, as a matter of law, guilty of contributory negligence.

Many details of the testimony have been omitted from the foregoing statement, some of which are favorable to appellants and others favorable to appellee. A careful scrutiny of the record leaves the court in no doubt that a case was presented for the jury. The theory of the facts as advanced by appellants in some of its phases is improbable. While it is suggested by counsel in argument that no negligence on the part of appellants that was the proximate cause of the injury is shown in the record, the contrary must be held. The presence of appellants' automobile at the point of the accident is not excused by the driver and the speed was in excess of that permitted by law. It is argued that the speed had nothing to do with the accident. Perhaps, upon a somewhat refined theory of the evidence, this is correct; but the jury might properly have found that but for

the speed appellee would not have been struck, as he was crossing the street and near the south side thereof.

In the foregoing discussion we have omitted reference to the many cases cited by appellants. The law which must control in this case is too well settled and understood to require comment.

II. Appellants offered to prove that a witness who came upon the scene immediately after the accident heard expressions and statements from bystanders to the effect that "the boys (referring to Wayne Riddle and his pursuer) ran between the cars." Objection to this offer was sustained.

It is contended by appellants that it was a part of the res gestæ and admissible as such. It is not necessary to the admissibility of testimony, as a part of the res gestæ, that the statements be made by a party to the action. Dubois v. Luthmers, 147 Iowa 315, 126 N. W. 147; Kinner v. Boyd, 139 Iowa 14, 116 N. W. 1044. The declarations were made by unidentified persons, referred to but a single circumstance as to which considerable evidence was offered by appellants. It was at best cumulative in character. Even if admissible, it could not have been of very great weight, if any, with the jury and a reversal because of its exclusion could not be justified. Many witnesses were called who saw what occurred and testified to the facts as they saw and understood them. The jury could not have been materially aided by testimony of declarations made by unidentified and unknown persons. So far as the record shows, the persons making the alleged declarations were witnesses in appellants' behalf.

Finding no reversible error in the record, the judgment is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ANDERSON, and KINTZINGER, JJ., concur.