Harry Junior Samuelson, a minor, by his next Friend, Plaintiff, Appellee, v. Cyrus M. Sherrill, Defendant, Appellant, Russell Cowin, Defendant.

No. 44169.

June 21, 1938.

McCoy & Beecher and Butterfield & Butterfield, for plaintiff, appellee.

Reed, Beers & Graham, for defendant, appellant.

ANDERSON, J.—This action was brought by Harry Junior Samuelson, a minor, by his next friend, to recover from the defendants damages for personal injury suffered by the plaintiff by reason of the alleged negligence of the defendants. A verdict was directed as to the defendant, Cowin, and the action proceeded to a final verdict and judgment against the defendant, Sherrill. There was a verdict for $4,750, upon which judgment was entered and the defendant appeals.

The pertinent facts are not in serious dispute. The plaintiff at the time of the accident in question was between eleven and twelve years of age. The accident happened on the evening of January 6th, 1936, on Dawson street, one of the principal thoroughfares of the city of Waterloo, Iowa, at about 5:30 p. m. Dawson street runs in an easterly and westerly direction and is intersected near the place of the accident here involved by Grandview and Fairview avenues. These intersecting streets are about 700 feet apart. On the evening of the accident Dawson street had been covered with snow which had been traveled over and then scraped for a width of about eighteen feet leaving some snow piled up on each side of the eighteen foot strip and leaving the surface of the street which was not paved somewhat rough, uneven and icy. The defendant, Sherrill, stopped his car at the intersection of Fairview avenue with Dawson street. There were some children, including the plaintiff and a Carl boy, standing or playing upon the street near this intersection. There is some dispute as to whether the boys who were playing there asked Mr. Sherrill to permit them to attach their sleds to his car or whether Mr. Sherrill invited them to do so. At any rate, sleds were hooked on to the rear of Mr. Sherrill's car and he proceeded on Dawson street westerly and stopped his automobile about halfway between the two intersections we have mentioned to permit a passenger to alight from his car. At this stop the Carl boy and the plaintiff,

Harry Samuelson, both lying on their stomachs on their sled, one on top of the other, took hold of the left rear fender or the left bumper with their right hands and another sled similarly loaded was similarly attached to the right hand rear corner of the automobile. Mr. Sherrill then proceeded on westerly and at or near the intersection of Dawson street with Grandview avenue the automobile had acquired a speed of some twenty or twenty-five miles an hour and the boys on the sleds released their hold upon the automobile because, as they testified, the speed had increased to such an extent that they became frightened. The boys who had attached themselves to the right rear corner of the car loosened their hold on the car and turned their sled into the snow bank at the right-hand side of the cleared portion of the street. The boys on the left of the rear of the car let loose of the car shortly after the boys on the right. When the boys on the left, which was the Carl boy and the plaintiff, released their hold the sled upon which they were riding turned to the left, either by reason of something the boys themselves did or by reason of the speed at which the sled was going at the time it was released, and catapulted or slued to the left and clear of the Sherrill car but directly into the car of Russell Cowin which was proceeding easterly on Dawson street. The collision resulted in the death of the Carl boy and very serious injury to the plaintiff, Harry Samuelson.

There were several grounds of negligence alleged by plaintiff but only one of such grounds was submitted to the jury by the court, and this ground was submitted to the jury in instruction No. 5, as follows:

"You are instructed that the only charge of negligence made by the plaintiff against the defendant which is submitted for your determination is as follows: That the defendant, Cyrus M. Sherrill, was negligent in that the defendant, with knowledge that the plaintiff was riding on a sled behind the defendant's automobile and holding on to the rear of the automobile, drove his automobile at a rapid rate of speed."

One of the assignments of error argued by the appellant is that the plaintiff did not sustain the burden of proof as to the ground of negligence submitted to the jury and this contention was raised by the defendant in motions to direct

a verdict and for new trial, and it is here presented as one of the grounds for a reversal. Reported cases are so numerous in this and other states that it is unnecessary to cite them stating and approving the rule on the general proposition that if the driver of a vehicle knows that children of tender years are occupying a hazardous position on or near the vehicle the driver must use ordinary care not to injure them. In the instant case the driver knew of the dangerous position occupied by the plaintiff and the other boys; he knew the condition of the street over which he was traveling; he knew the speed at which he was driving; he knew the condition of traffic on the street, and under such circumstances the defendant was in duty bound to exercise such reasonable care and prudence for the safety of the plaintiff and the other children as a reasonably careful and prudent person would exercise under like or similar circumstances and conditions. And if under such circumstances, with knowledge of the facts, above related, and with knowledge that the plaintiff was riding on a sled hanging on to the rear of the defendant's automobile, the defendant operated and drove his car at a greater rate of speed than an ordinarily careful and prudent person would have used, then the defendant would be guilty of negligence. The court properly and very plainly submitted this rule to the jury and the jury by its verdict found the defendant guilty of negligence as charged. We do not think the court erred in the submission of the question of defendant's negligence to the jury, and we conclude that the record warranted such submission.

Whether a particular speed of an automobile is or is not excessive and negligent depends entirely on the surrounding circumstances. Driving the car at twenty or twenty-five miles an hour would not of itself be negligence, but it seems to us that whether or not the defendant was negligent in driving his car at twenty or twenty-five miles an hour with these little boys on their sleds attached behind, under the existing conditions and age of the boys, was for the jury to determine, under the facts and circumstances as shown by the record.

Another complaint made by the defendant here, and which was made one of the grounds for a directed verdict, is that the speed of the defendant's car was not the proximate cause of the injury to the plaintiff for the reason that the plaintiff voluntarily turned his sled into a position of danger

after releasing his hold on the defendant's car. We do not think there is any merit in this contention.

We have frequently defined proximate cause and there does not seem to be a necessity of here repeating our language in defining the phrase. See Withey v. Fowler Co., 164 Iowa 377, 145 N. W. 923; Handlon v. Henshaw, 206 Iowa 771, 221 N. W. 489; Dennis v. Merrill, 218 Iowa 1259, 257 N. W. 322; Gray v. City, 221 Iowa 596, 265 N. W. 612; Riddle v. Frankl, 215 Iowa 1083, 247 N. W. 493.

 Another complaint of the appellant is that the plaintiff was guilty of contributory negligence, as a matter of law, and that the court erred in not sustaining a motion to direct a verdict or for a new trial on this ground. We have so often and so recently held that a child between the ages of seven and fourteen is presumed to be free from contributory negligence, and that the fact that the record shows the boy between those ages establishes a prima facie case of nonnegligence on his part. In Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84, former Justice Faville analyzed our prior cases and announced or re-announced the foregoing rule. This announcement has been followed in many cases since.

In Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685, Justice Donegan again reviewed all the cases bearing upon this question and again announces the rule above mentioned.

 The next contention of the appellant is that the court erred in not sustaining his motion for a directed verdict and for a new trial on the ground that the plaintiff was a passenger in the defendant's automobile, and that the provisions of the Iowa guest statute (sec. 5026-b1) apply. There seems to be no direct ruling either in this state or any other as to what constitutes a "passenger or person riding" in a motor vehicle. However, we find some help in construing our statute in the case of Puckett v. Pailthorpe, 207 Iowa 613, 223 N. W. 254, the opinion of which was written by former Justice J. W. Kindig. In the course of the opinion in the Puckett case we say (page 616), " 'There are two main elements in the legal definition of a passenger: First, an undertaking on the part of a person to travel in the conveyance provided by the carrier; and second, an acceptance by the carrier of a person as a passenger.' " It is obvious that a definition of "carrier" that would apply to a common carrier might not be applicable at

all where the carrier was a gratuitous one. The opinion in the Puckett case continues (page 617), "Moreover, the one who is called a passenger must be riding in the car. To place emphasis upon this interpretation, the legislature confined the passenger or person named in the section [5026-b1] to one who is 'riding in' a motor vehicle 'as a guest or by invitation, and not for hire.' * * *

"Entrance must be made into an automobile then in operation by a driver, so that a journey can be taken. * * * 'moreover, the one who is called a passenger must be riding in the car.' "

The Michigan case of Langford v. Rogers, 278 Mich. 310, 270 N. W. 692, distinguishes between a statute such as ours and the Michigan statute. The Michigan statute provides that "no person transported by the owner * * * of such motor vehicle [etc.]," Comp. Laws Mich. 1929, § 4648, and the opinion in the Michigan case held that some children riding upon a toboggan hitched to an automobile were being "transported" within the meaning of the Michigan statute, and the opinion notes the distinction between the provision of the Michigan statute and the statutes of California and Iowa. The California statute is similar to the Iowa statute and provides that the person must be "riding" in the automobile to be within its provisions. We find no error in the court's ruling upon this question, and conclude that the plaintiff was not a passenger in the defendant's automobile within the meaning of the guest statute.

The appellant further contends that the court erred in excluding from the record an ordinance of the City of Waterloo relative to coasting on the city's streets, offered by the defendant. The ordinance in question provides:

"No person shall coast down, in or upon the streets or sidewalks in the City of Waterloo, Iowa, upon any sled, wagon, gocycle or other vehicle or device, and whoever does so shall be guilty of a misdemeanor and upon conviction thereof, shall be punished accordingly."

Many definitions of coast are given by the various dictionaries. For instance, Webster's New International Dictionary defines the word "coast" as "To slide downhill upon

snow or ice as on a sled; to ride, glide, or move by or as by the force of gravity, as on a bicycle without pedaling.''

In Funk & Wagnall's New Standard ''coasting'' is defined as follows: ''The sport of sliding downhill on a sled or car, or of riding a bicycle, as down a slope, without working the pedals.''

Century Dictionary and Cyclopedia defines the word as follows: ''To slide on a sled down a hill or an incline covered with snow or ice; to descend a hill on a bicycle, removing 'the feet from the pedals. Coasting, the sport of sliding on a sled down an incline covered with snow or ice.''

It is apparent that the purpose of the ordinance was to protect pedestrians and other travelers from injury from vehicles or sleds moving by the force of gravity alone. We are unwilling to follow the appellant and hold that the ordinance in question prohibiting the act of ''coasting down'' on the streets or sidewalks of the city should be construed as prohibiting the movement of a sled or other vehicle as was the plaintiff's sled in the instant case. Facetiously, such a construction would prevent the hauling of any kind of a trailer behind an automobile; it no doubt would prevent the mother from pushing or pulling her baby carriage or other similar vehicle upon the streets or sidewalks. However, even though the ordinance might be held to prevent the very act here under consideration, its introduction into the record could only go to prove contributory negligence on the part of the plaintiff, and as the plaintiff was under fourteen years of age the violation of the terms of the ordinance would not prevent a recovery, but might possibly create a jury question as to whether the presumption of freedom from contributory negligence had been overcome. But we hold that the record does not show a violation of the ordinance by the plaintiff and its admission or exclusion from the record could not, under such circumstances, constitute error.

It appears from a careful study of the record that the case was carefully tried by the trial court and the disputed questions of fact were very carefully and properly submitted to the jury by the court. No reversible error appearing, we are constrained to affirm the action of the trial court in overruling appellant's various motions, objections and exceptions, and in

entering judgment upon the verdict returned by the jury. The case will be affirmed.—Affirmed.

STIGER, C. J., and MITCHELL, KINTZINGER, DONEGAN, HAMILTON, RICHARDS, MILLER, and SAGER, JJ., concur.