LOUISE SILVIA, appellant, v. E. J. PENNOCK and JOE ANN PENNOCK, appellees.

No. 50570.

MARCH 6, 1962.

Duffield, Pinegar & Tapscott and Ben B. Hockenberg, all of Des Moines, for appellant.

Ross H. Sidney, Jr., of Des Moines, for appellees.

GARFIELD, C. J.—This appeal involves the question whether a motorist's failure to travel on the right-hand side of the center

of a city street as required by section 321.297, Code, 1958, is negligence when presence of a deep snowbank on such side leaves insufficient space for travel thereon. We hold the jury could properly find presence of the snowbank under the circumstances here constituted a legal excuse, within the holding of Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552, and the many decisions following it, for violation of the statute.

The trial resulted in jury verdict and judgment for defendant. Plaintiff's appeal is directed primarily to the court's failure to instruct the jury on the matter of legal excuse for a violation of Code section 321.297, quoted in Division II hereof. We think the instructions should have permitted a finding of legal excuse for such violation.

I. The collision occurred in daylight January 28, 1960, on Southeast Thornton Avenue in the city of Des Moines between a Chevrolet automobile driven by plaintiff, Louise Silvia, and a Cadillac driven by defendant Joe Ann Pennock. The Chevrolet was traveling west, the Cadillac east. The street was snowpacked and icy. Vacant lots on the north side of Thornton near the point of the collision allowed snow to drift rather heavily there. Snowbanks about two feet deep extended onto each side of the pavement. More of the north half (plaintiff's right-hand side) was covered than the south half (defendant's right-hand side).

For convenience we disregard the fact Mrs. Pennock's husband owned the Cadillac and is joined with her as a defendant. It is not denied she was driving it with his consent. Mr. Silvia owned the Chevrolet and assigned to his wife his claim for damage to it.

Just before plaintiff reached the part of the street where the collision occurred she came over the crest of a hill. A snowplow had cleared part, but not all, of the street for travel. The plow had evidently moved from east to west. About 30 feet west of the crest of the hill the plow had started to curve to its left (south) to avoid a car parked partly in the north lane. The plow traveled 70 to 80 feet before it returned to the center of the street. The path cleared of snow thus formed a curve, 70 to 80 feet long, to the south from both east and west.

Plaintiff testifies that when she reached the east end of this curve she "had to cut to the left to follow the plowed portion."

And defendant says, "She was approaching me from the east and because of the narrowness of the street she had pulled over to get through." It is evident she refers to the narrowness of the portion of the street cleared of snow. Defendant also testifies, in effect, there did not appear to be sufficient room for the cars to pass.

There is much testimony that at the place of the collision a snowbank extended onto the south side of the pavement about one and one-half feet and onto the north side about six to eight feet. It is not entirely clear just where the collision occurred with reference to the curve in the path cleared of snow. The evidence warrants a finding it was near the west end of the curve. The cleared space was about 15 feet wide. Defendant says, "Generally about 20 feet was available for travel." We take this to mean at places where and times when the pavement was not covered by so much snow.

The jury could properly find that in approaching the place of the collision and at the time thereof plaintiff was as far to her right as the presence of the north snowbank permitted, but part of the Chevrolet was nevertheless on her left-hand side of the center of the street, in violation of Code section 321.297. Plaintiff testifies she tried to get over that snowbank and into a vacant lot but the right front of her car stopped when about a foot into the snowbank and was stuck there. Also that the Cadillac was sliding east while headed southeast, partly "crossways in the road." Damage to the Chevrolet was on its left front and to the Cadillac on its left rear and, from contact with a mailbox on the south side of the street, to its right front.

There is ample testimony, some from defendant, that plaintiff entered the curved, narrow path between the snowbanks well before defendant did.

II. The jury was instructed, in the language of Code section 321.297, that "The operator of a motor vehicle, in cities and towns, shall at all times travel on the right-hand side of the center of the street." To this the instruction adds: "A failure to comply with this provision of law constitutes negligence. The above applies to both Divisions I and II." Division (Count) I of plaintiff's petition claims damages for personal injuries, Division II for damage to the Chevrolet.

The jury was also instructed that in order to recover on Division I plaintiff must establish she was free from any negligence which in any manner or degree contributed directly to the collision. No instruction was given on the matter of legal excuse for a violation of 321.297.

Within the time provided by rule 196, Rules of Civil Procedure, plaintiff requested the court to instruct on the proposition of legal excuse for failure to comply with a statute, specifically 321.297, and objected to the failure to instruct on the matter of legal excuse and, specifically, to instruct that if there is a legal excuse for failure to comply with a statute it would not constitute negligence per se.

Plaintiff's request and objections were clearly sufficient to alert the trial court to her claim she was entitled to an instruction on legal excuse for violation of section 321.297. Oltmanns v. Driver, 252 Iowa 1066, 1069, 1070, 109 N.W.2d 446, 448, 449, and citations.

III. Kisling v. Thierman, supra, 214 Iowa 911, 914–916, 243 N.W. 552, 554, and the many decisions which follow it hold the violation of statutory rules of the road, other than what is now section 321.298, is negligence as a matter of law unless a legal excuse for such violation is shown. Section 321.298 requires travelers meeting each other on the public highway to give half the traveled way by turning to the right. Violation of this requirement is merely prima-facie evidence of negligence, not negligence per se or as a matter of law. Worthington v. McDonald, 246 Iowa 466, 473, 68 N.W.2d 89, 93, 47 A. L. R.2d 135, 140, 141, and citations; Stewart v. Hilton, 247 Iowa 988, 993, 77 N.W.2d 637, 640.

First of the four legal excuses defined in Kisling v. Thierman, supra, and following decisions is, "Anything which would make it impossible to comply with the statute." As before indicated, we think the jury could properly find presence of the north snowbank under the circumstances here made it impossible for plaintiff to travel on her right-hand side of the center of the street at the place of collision and the instructions should have permitted such a finding. The jury could conclude the plowed portion of the street was the only place plaintiff could

travel, it was impossible for her to drive over the snowbank, she tried but was unable to do so.

Our conclusion finds support in Riddle v. Frankl, 215 Iowa 1083, 1086, 247 N.W. 493, where we say: "It is true that if the course of appellants' automobile on the right side of the pavement was obstructed by automobiles and trucks to such an extent that it became necessary for it to be driven on the left side of the street, this would not constitute negligence. Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552."

A carefully prepared article by Robert H. Helmick in 8 Drake Law Review 110, 119, entitled "Effect of Statutory Violations in Automobile Negligence Actions in Iowa", properly makes this observation regarding Kisling v. Thierman, supra: "It would seem that the first excuse contemplates situations where the party violating the statute cannot comply because of some existing circumstances, as * * * in a town, where the right half of the road is torn up so he must go on the other portion in violation of the statutory mandate."

The logic of these opinions which antedate Kisling v. Thierman also supports our holding. Cuthbertson v. Hoffa, 205 Iowa 666, 668, 671, 216 N.W. 733; Mooney v. Canier, 198 Iowa 251, 255, 256, 197 N.W. 625; Clark v. Van Vleck, 135 Iowa 194, 198, 199, 112 N.W. 648. See also annotations, 24 A. L. R. 1304, 63 A. L. R. 277, 113 A. L. R. 1328.

Code section 321.355 provides that section 321.354, which prohibits stopping, parking or leaving standing a vehicle upon the traveled part of the highway when it is practical to leave it off such part, does not apply to a vehicle which is disabled so "it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." We have held several times that "impossible", as used in this connection, should not be given a narrow, literal construction but it means "not reasonably practicable." Reed v. Willison, 245 Iowa 1066, 1069, 1070, 65 N.W.2d 440, 442, and citations; McBeth v. Merchants Motor Freight, Inc., 248 Iowa 320, 323, 79 N.W.2d 303, 305, and citations. See also annotations, 15 A. L. R.2d 909, 911.

We see no reason why "impossible", as used in defining the first legal excuse for violation of a statute, should not be given a like meaning. Indeed we have held the definition of legal

excuse in Kisling v. Thierman, supra, 214 Iowa 911, 916, 243 N.W. 552, 554, "is very broad and comprehensive in its scope." Edwards v. Perley, 223 Iowa 1119, 1126, 274 N.W. 910, 914.

We have held a number of times that where there is evidence of a legal excuse for the violation of a statute it is the trial court's duty to instruct on the effect of such evidence and it is not necessary to plead the legal excuse. Sanford v. Nesbit, 234 Iowa 14, 19, 11 N.W.2d 695, 698, and citations; Snook v. Long, 241 Iowa 665, 669, 42 N.W.2d 76, 78, 21 A. L. R.2d 1; Stevenson v. Abbott, 251 Iowa 110, 113, 114, 99 N.W.2d 429, 431; Harris v. Clark, 251 Iowa 807, 809–810, 103 N.W.2d 215, 217, and citations.

Some courts hold statutes like our section 321.297 require travel on the right-hand side of the space in the street available for travel at a particular time, not the full width of the street. Mooney v. Canier, supra, 198 Iowa 251, 255, 197 N.W. 625, declines to decide such a question because the court's instructions there did not require a finding of negligence for violation of the statute but permitted the jury to consider the condition of the street at the time and the fact the motorist was passing an automobile parked on his side of the street. Such a contention is not urged here and, in any event, need not be decided.

IV. Defendant's argument that the instruction quoted at the outset of Division II hereof applies only to the negligence charged against her, not to plaintiff's freedom from contributory negligence, cannot be accepted. Language of the instruction does not thus limit its application. It purports to apply to the operator of a motor vehicle. Plaintiff was of course such an operator. It is true a finding of freedom from plaintiff's contributory negligence was not essential to recovery on Division II of her petition which claims $176 for damage to the Chevrolet, as compared to $35,000 claimed in Division I for personal injuries. But of course if plaintiff's negligence were the sole proximate cause of the collision, as the jury might have found, she could not recover even under Division II. See in this connection Snook v. Long, supra, 241 Iowa 665, 669, 670, 42 N.W.2d 76, 78, 21 A. L. R.2d 1.

Defendant's contention plaintiff was not entitled to an instruction on legal excuse for violation of section 321.297 be-

cause she testified at. one point she was on her "own right half of the traveled portion of the road" at the time of the collision is without merit. Plaintiff may have referred to the portion of the street available for travel. But even if she said she was on her right half of the full width of the street she would be entitled to an instruction on legal excuse, in view of other testimony to the contrary.

As Lang v. Siddall, 218 Iowa 263, 270, 254 N.W. 783, 786, states: "The fact that appellant claimed to have been on the north or right half of the road would not deprive him of the right to have the jury properly instructed as to the law of the road, even though * * * he was on the south or left half of the road." And Riddle v. Frankl, supra, 215 Iowa 1083, 1087, 247 N.W. 493, 495, says, "The jury had the right to consider the testimony of both sides in all its phases, together with the circumstances disclosed * * *."

■ Unless testimony of a litigant has the force of a judicial admission it is ordinarily no more conclusive upon him than the evidence of any other witness and it is the duty of the jury to determine the fact, not alone from the litigant's testimony, but from all the evidence. Snittjer Grain Co. v. Koch, 246 Iowa 1118, 1127, 1128, 71 N.W.2d 29, 34; Bunch v. Hanson, 251 Iowa 1097, 1104, 1105, 104 N.W.2d 581, 584, 585, and citations.

V. Plaintiff requested the court, and objected to its failure, to instruct the jury upon the law set out in Worthington v. McDonald, supra, 246 Iowa 466, 475, 476, 68 N.W.2d 89, 94, 95, 47 A. L. R.2d 135, 142, to the effect the vehicle first entering a narrow space has the right of way, is entitled to proceed and it is the duty of the other oncoming vehicle to slacken speed or, if necessary, to stop.

■ Worthington v. McDonald holds it is a well-recognized rule that where two vehicles are approaching from opposite directions a narrow bridge or other place in the roadway, the vehicle first reaching the bridge or place is usually accorded the right of way across it. The opinion cites several decisions and texts in support of the rule. Other like precedents are cited in the annotation in 47 A. L. R.2d 142, 145. Ordinarily the rule is applied not only where the passage is so narrow as to make it impossible to pass but also where it is extremely difficult to pass

safely without the exercise of exceptional precautions. Ibid. See also 5A Am. Jur., Automobiles and Highway Traffic, section 279.

This rule is applied where the usable road is limited by snowbanks. Idem, at pages 174, 175; 1 Blashfield Cyc. of Automobile Law and Practice, Part 2, Perm. Ed., section 749, page 686; Pospichal v. Wiley, 163 Neb. 236, 79 N.W.2d 275, 278.

In Worthington v. McDonald, supra, the pertinent charge of negligence against defendant was violation of section 321.298, in failing to give half the traveled way by turning to the right upon meeting another vehicle. The collision there occurred outside a city or town, not as here in a city. As explained in Division III hereof, violation of 321.298 is merely prima-facie evidence of negligence, not negligence per se or as a matter of law, as is violation of 321.297. Noncompliance with 321.298 may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances, notwithstanding such noncompliance. Worthington v. McDonald, supra, 246 Iowa 466, 474, 68 N.W.2d 89, 94, 47 A. L. R.2d 135, 141, and citations. However, violation of 321.297 may be justified only by evidence of a legal excuse therefor.

We have held no excuse is a legal one except the four defined in Kisling v. Thierman, supra, 214 Iowa 911, 916, 243 N.W. 552, 554. Edwards v. Perley, supra, 223 Iowa 1119, 1126, 274 N.W. 910; Article by Robert H. Helmick, 8 Drake Law Review 110, 117, 118. We have pointed out the jury should have been permitted to find here a legal excuse for violation of 321.297. We think that is all plaintiff was entitled to and it was not error under the facts here to fail to instruct upon the rule stated in Worthington v. McDonald, supra.

The effect of so instructing here would be to add another to the legal excuses heretofore recognized in Iowa. In any event, any instruction upon the rule referred to should make it clear it is not to be so considered. The law announced in Kisling v. Thierman, supra, and followed so many times, seems to have simplified and standardized the trial of actions arising from motor-vehicle collisions. We are not disposed to change it now. We may add that plaintiff's charges of negligence against defendant do not include failure to yield the right of way. Of

course no charge of negligence against defendant could properly be submitted to the jury except those pleaded.

For the error pointed out in Division III the cause is—Reversed and remanded.

All JUSTICES concur except BLISS, J., not sitting.