THOMAS McELHINNEY, Appellant, v. CAROLINE KNITTLE et al., Appellees.

**NEGLIGENCE: Violation of Ordinance—Effect.** It is not only erroneous to instruct that a pedestrian *is guilty of negligence* if he does not cross a street in a straight line, as commanded by a city ordinance, but, on proper request, the court should instruct that circumstances (supported by the testimony) may justify a pedestrian in deviating from such straight line.

**TRIAL: Instructions—Construction As a Whole.** The rule that instructions must be construed as a whole has no application to instructions on wholly different subjects.

Headnote 1:  29 Cyc. p. 437.  Headnote 2:  38 Cyc. pp. 1782, 1783.

*Appeal from Waterloo Municipal Court.*—JOHN W. GWYNNE, Judge.

JANUARY 20, 1925.

An action for damages growing out of the plaintiff's having been struck by defendant's automobile. Jury returned a verdict for the defendant, and plaintiff appeals.—*Reversed.*

*Pike, Sias, Zimmerman & Frank* and *Mears & Lovejoy,* for appellant.

*J. C. Murtagh* and *McCoy & Beecher,* for appellees.

Albert, J.—Washington Street in the city of Waterloo, Iowa, runs in a southeasterly and northwesterly direction, and is intersected by Park Avenue at a right angle. At the time in question, plaintiff, who was a man 72 years of age, was crossing Washington Street, expecting to turn to his right and cross Park Avenue. There was a severe rain storm prevailing, and plaintiff was without rubbers. The evidence tends to show that there was water on the streets and in the gutters. Plaintiff testifies that, when he reached the curb line on Washington Street, the leaves had obstructed the flow of water, and by reason thereof he turned to the right to a point near the center of the intersection of said two streets, where he was struck by defendant's automobile. The court, in submitting the case to the jury, gave the following instructions:

1. Negligence: violation of ordinance: effect.

"Instruction IV A. In determining whether or not plaintiff was guilty of contributory negligence, you should consider, as may appear from the evidence, the character of the intersection; the state of the weather; whether the place of crossing was light or dark; the traffic upon the street; and whether or not such traffic could, with reasonable diligence, have been observed by the plaintiff; whether or not he looked before or while he was in the street; his manner of crossing said street; and every other fact and circumstance which tends to show that he did or did not use care commensurate with the dangers to be reasonably apprehended, and did or did not use that degree of care which a reasonably careful and prudent person would have used in the same or similar situation. It is the duty of a pedestrian, in crossing a street, to make such use of his senses of sight and hearing, and to take such measures for his safety

and to avoid accidents, as an ordinarily careful and prudent person would take under the same or similar circumstances; but he is not necessarily negligent if he fails to keep a constant lookout for approaching vehicles. If you find from the evidence that the plaintiff failed to make such use of his senses of sight and hearing and to take such measure for his safety and to avoid accident as an ordinarily careful and prudent person would take under the same or similar circumstances, and that such failure contributed to cause the injury and damages complained of, then the plaintiff cannot recover, and your verdict should be for the defendants.

"Instruction IV B. In connection with the proposition of contributory negligence, you are further instructed that the ordinances of the city of Waterloo provide as follows: 'Every pedestrian, when crossing any street at the intersection thereof with any other street within the business district of the city, shall cross the street in a straight line, and, in all cases, shall turn at a right angle on the established crossing around the center of the street in reaching the corner diagonally opposite.' The intersection of Washington Street and Park Avenue is included within the business district. A violation of such ordinance would be negligence. If you find that the plaintiff violated said ordinance, and that such violation, if any, caused or contributed to cause the injury and damages complained of, then the plaintiff cannot recover."

Before the submission of the case, the plaintiff requested the court to give the following instructions:

"You are further instructed that, if the pavement on the northerly side of Washington Street was obstructed by water, this plaintiff would be justified in diverting his course to avoid the obstruction, if any other reasonable man, placed in the same circumstance, would have so conducted himself."

It is around the giving of Instruction IV B and the refusal to give the instruction above set out that the contention of this appeal arises. The city of Waterloo had an ordinance in force at the time this accident occurred, the material part of which is set out in the aforesaid Instruction IV B. In the aforesaid Instruction IV B, the court told the jury that a violation of such ordinance would be negligence. This is not the law of Iowa.

We have said, in the case of *Herdman v. Zwart,* 167 Iowa 500, at 503:

"It is urged that the trial court erred because it did not instruct the jury that the defendant was guilty of negligence, as a matter of law, because of the alleged violation of such ordinance and statute. The rule has been long settled in this state that, where the participant in an accident is upon the wrong side of the street or highway, his presence there is prima-facie evidence of negligence, and no more [citing other cases]."

We have since reaffirmed this doctrine in *Johnson v. Kinnan,* 195 Iowa 720, at 725; *Powell v. Alitz,* 191 Iowa 233, at 241; *Sturm v. Tri-City R. Co.,* 190 Iowa 387, at 391. Under this rule, the most that a district court is warranted in telling a jury is that a violation of an ordinance or statute is prima-facie evidence of negligence.

The defendants seek to avoid this by calling to their aid the familiar rule that "instructions are to be read and construed together." Therefore they say that these two quoted instructions, read together, correctly speak the law. The trouble with this contention is that the two instructions deal with wholly different subjects, and the court, in Instruction IV B, summarily told the jury two things: First, that a violation of such ordinance was, as a matter of law, negligence; and second, that, if such violation caused or contributed to the injury, then the plaintiff could not recover. This arbitrary instruction cannot be aided by the rule requiring instructions to be read and construed together.

2. TRIAL: instructions: construction as a whole.

It is the contention of the plaintiff that the passage on a straight line across Washington Street was obstructed by the flow of water thereon, and that plaintiff was justified in diverting his course to avoid the same; hence the instruction asked by him. We think this instruction should have been given. It seems to be a proper instruction, under the circumstances proved. In the aforesaid *Herdman* case, we said:

"Circumstances may confront a person, and often do, when due care would require him to avoid or relinquish the side of the street to which he was otherwise entitled. In such case, he would be required to exercise such due care, and, if he failed to do so, he would be liable for negligence, even though he had

planted himself upon the side of the street to which he would ordinarily be entitled. In all cases, therefore, the ultimate question is: What was required by due care, under all the circumstances confronting the actor at the time? * * * But the test to be applied is that of due care under the particular circumstances.''

The appellee insists that his motion to direct a verdict on the ground of contributory negligence should have been sustained, and that, therefore, the errors above set out are wholly immaterial; but, as we read the record, the question of contributory negligence is for the jury.—*Reversed.*

FAVILLE, C. J., and EVANS, STEVENS, ARTHUR, and DE GRAFF, JJ., concur.