SUREN, Respondent, vs. ZUEGE, Appellant.

*December 9, 1924—March 10, 1925.*

*Automobiles: Police officer driving at great speed: Exemption from speed limitation: Duty to exercise ordinary care: Collision with automobile while pursuing speeder: Contributory negligence.*

1. Sub. (3), sec. 85.16, Stats., exempting a police officer, when attempting to apprehend one driving an automobile in violation of law, from the speed limit applicable to other drivers, does not absolve him from the duty to exercise reasonable or ordinary care, under existing circumstances and conditions, for the safety of himself and others.  p. 267.

2. A police officer driving a motorcycle at a speed of forty to forty-five miles an hour in pursuit of a fleeing automobile, without signaling his approach and intention to pass a vehicle ahead, is guilty, as a matter of law, of contributory negligence, precluding a recovery for injuries sustained in a collision with such vehicle as it turned to the left.  p. 267.

APPEAL from a judgment of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge. *Reversed.*

The plaintiff, a motorcycle policeman of the city of Oshkosh, recovered a judgment against the defendant for personal injury. Algoma boulevard, with a sixteen-foot cement roadway, runs northerly through the city of Oshkosh, and near the city limits runs along the east edge of the cemetery. A street-car track is alongside and about seven feet east from the cement roadway. There are two entrances on this side of the cemetery 582 feet apart.

At about 7 p. m. May 22, 1923, the defendant with his wife was driving north on the right-hand side of the cement roadway and at a rate of speed not in excess of twenty miles per hour. The plaintiff started on his motorcycle in pursuit of an automobile being driven in violation of law at an excessive rate of speed northerly and which overtook and passed defendant's automobile when the latter was near

the southerly or first of the two entrances. Somewhere between the two entrances the fleeing automobile passed another car driven by one Campbell coming in the opposite direction. Plaintiff was driving at not less than forty to forty-five miles per hour, keeping to the left-hand side of the road in order to have better opportunity of keeping watch of the fleeing automobile, approaching and other vehicles on the highway. Plaintiff passed the Campbell car by turning somewhat to the right and then on to the left side, and, according to his testimony, when within ten or fifteen feet of defendant's car and just about opposite the second entrance defendant made a left turn, and as the rear wheels of his car were about leaving the cement roadway the right-hand side of plaintiff's motorcycle crashed into the rear left-hand side of defendant's automobile. Plaintiff was thrown onto the street-car track, his motorcycle crossing the same and dashing into a tree a little south and east of the entrance.

Testimony on behalf of defendant was to the effect that an automobile followed his car about 100 to 150 feet in the rear all the way between the gates. This was denied by plaintiff and others. Defendant testified that a short distance before making the turn he looked in the mirror attached to his wind-shield, saw such automobile but not plaintiff, and, as he started to make the turn, applied his brake and displayed a stop or red flashlight in the rear of his car, but could not state positively that he held out his hand or gave any of the customary signals of an intention to turn.

By special verdict it was answered by the court that the plaintiff as police officer was in the discharge of his duties in attempting to apprehend the driver of the fleeing automobile. By the jury: (2) That defendant at the time of his turn to the left failed to give adequate signal of such intention; (3) such failure was a proximate cause; (4) the

defendant before making the turn, in the exercise of ordinary care, should have made more frequent observations to the rear for approaching vehicles; (5) that by such defendant could have avoided the collision by stopping his car and allowing the plaintiff to pass on the left; (6) defendant's failure to make such was a proximate cause; (7) no want of ordinary care on plaintiff's part in relation to his speed proximately contributed to his injury; (8) no want of ordinary care by plaintiff in relation to giving a warning signal of his intention to pass proximately contributed to the injury; (9) that the collision was not due to an accident which neither party in the exercise of ordinary care could have avoided; (10) damages assessed at $4,500.

After appropriate and usual motions after verdict judgment was directed in favor of the plaintiff, from which defendant has appealed.

For the appellant there was a brief by *Thompson & Gruenewald* and *L. W. Hull,* all of Oshkosh, and oral argument by *Mr. A. H. Gruenewald* and *Mr. Hull.*

For the respondent there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *George E. Williams.*

The following opinion was filed January 13, 1925:

Eschweiler, J.    A consideration of plaintiff's own evidence in this case compels the conclusion that the verdict, so far as it found no want of ordinary care on plaintiff's part, cannot be supported. This view of course renders it unnecessary to consider or discuss the questions presented as to the negligence of defendant as found by the jury.

As plaintiff approached the first gate he blew a long blast of the horn of his motorcycle, and a car he was then overtaking stopped and let him go by. At such time the defendant's car was more than half way over the 582-foot space between the two entrances. Plaintiff gave no fur-

ther signal to vehicles ahead of him after he left the first entrance. He knew of these entrances to the cemetery and had in mind the possibility of cars turning in. Forty to forty-five miles an hour on such a motorcycle made it difficult to make a sharp turn or quick stop.

Plaintiff, however, as police officer, actually attempting to apprehend the driver of the automobile being driven in violation of the law ahead of defendant, was, by sub. (3), sec. 85.16, Stats., expressly exempt from the speed limitation applying to other drivers. This statutory exemption, however, while rendering him immune from prosecution or preventing the application of the rule that such excess of speed may establish a *prima facie* presumption of negligence, does not absolve him from the duty to exercise that which, under those circumstances and conditions, is reasonable and ordinary care for the safety of others and himself.

Even though the defendant was negligent in failing to give proper notice of his intention to turn to the left, across plaintiff's path and on into the cemetery entrance, and even though defendant was also negligent, as found by the jury, in failing to make more frequent observations to the rear— a proposition upon which we do not here pass,—yet plaintiff, driving at a rate that made impossible a quick stop or a turn to pass to the right and in rear of defendant, continued at a rate of speed at least double that of defendant to overtake the latter while covering the 580 feet that lay between the two entrances, without giving any signal or warning of his rapid approach and intention to pass. His possible absorption in the pursuit of the fleeing automobile, and overtaking it as it reached the city limits, then quite near, is the only possible, but insufficient, explanation for his failure to give such signal.

We cannot avoid the conclusion that plaintiff's own want of care was a proximate cause of his injury, and this, under the law, defeats his right to recover.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on March 10, 1925.