KERLINSKE, Respondent, vs. ETZEL, Appellant.

*September 16—October 11, 1927.*

*Automobiles: Law of the road: Driver turning to left: Driver attempting to pass car: Failure to give signal in either case.*

1. No statute requires the driver of a motor vehicle on a highway to give warning of an intention to pass another vehicle, and no statute requires the driver of the motor vehicle ahead to give warning of his intention to turn to the left. p. 39.
2. The driver of an automobile proceeding about eighteen miles an hour up a hill, on approaching the crest shifted into low gear, and after looking behind turned to the left into an

unfrequented driveway without giving any signal of her intention to make the turn, and plaintiff, who was riding a motorcycle and who at that moment was, without any signal, attempting to pass the automobile from the rear, collided with it just as it was turning into the driveway. *Held,* that the negligence of the plaintiff in failing to give warning of his intention to pass the defendant's automobile barred recovery on his part. [*Suren v. Zuege,* 186 Wis. 264, adhered to.]   pp. 39, 40.

APPEAL from a judgment of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Reversed.*

Action by plaintiff against the defendant to recover damages for personal injuries resulting from an automobile collision. Judgment for plaintiff, and defendant appeals.

On September 5, 1925, plaintiff was a traffic officer for Washington county. On the morning of September 5, 1925, the defendant, *Josephine Etzel,* was driving east in a Ford coupé on highway 60, just out of the city of Hartford. The highway was of concrete construction. Her brother John Etzel was riding with her. Their destination was a small tract of land owned by John Etzel on the top of what is known as "Wilson's hill." A driveway but little used, and not well defined, served as an approach from said concrete highway to said land. She was driving her Ford coupé up Wilson's hill at about eighteen miles an hour. As she neared the top of the hill she shifted the car into low gear and it so remained until she made a turn to the left into the driveway leading to the land of John Etzel. Before making the turn she and her brother both looked back to see if any one was coming. They observed no one and thought the "coast was clear." The plaintiff was proceeding along the same highway, back of defendant's car, on his motorcycle. He attempted to pass defendant's car just as she made the turn into the driveway. He did not sound his horn or give any warning of his approach. She did not hold out her hand or give any warning of her intention to make the turn. A collision occurred, as a result of which

the plaintiff sustained personal injury, damages for which he seeks to recover in this action.

The jury found the defendant guilty of a want of ordinary care in the management or operation of the automobile at or just previous to the time of the accident, which want of ordinary care was the proximate cause of the injury sustained by the plaintiff. They also found that plaintiff did not fail to exercise ordinary care in the management or operation of the motorcycle at or just previous to the time of the accident that proximately contributed to produce his injury, and assessed his damages at $500.

The cause was submitted for the appellant on the brief of *Russell & Peters* of Hartford, and for the respondent on that of *O'Meara & O'Meara* of West Bend.

OWEN, J. Appellant contends that the plaintiff is guilty of contributory negligence as a matter of law in failing to give warning of his intention to pass the defendant's car. In *Suren v. Zuege,* 186 Wis. 264, 201 N. W. 722, we held that a motorcycle officer was guilty of contributory negligence as a matter of law under quite similar circumstances. The only difference between the two cases is that in the *Suren Case* the motorcycle officer was proceeding at a higher rate of speed than was the plaintiff in this case. In this case the driveway into which defendant turned her car was less frequently used than was the driveway leading into the cemetery, into which the defendant in the *Suren Case* turned. These circumstances, however, do not so substantially distinguish the two cases as to make the holding in the *Suren Case* consistent with a holding here that plaintiff's contributory negligence was for the jury. Such a distinction cannot reasonably be predicated upon the fact that the motorcycle officer in the *Suren Case* was proceeding at a higher rate of speed than was the plaintiff in this case, because, whatever the rate of speed in either case, it was too

great to enable the motorcycle officer to stop his motor-
cycle in time to prevent the accident.  Neither can the two
cases be distinguished by the fact that the driveway into the
cemetery was more public in its nature than the driveway
leading onto the farm premises in this case.  In proportion
to the number of cars that passed along the highway at the
scene of the accident in the *Suren Case,* probably an in-
finitesimal number turned into the cemetery.  For this rea-
son the motorcycle officer in the *Suren Case* was not expect-
ing such a movement of the defendant's car.  He simply
thought he could pass the car in safety and took his chances.
The same is true in this case.  To announce a rule in this
case different from that in the *Suren Case* would make our
law a mere matter of speculation on the part of trial judges.
Innumerable cases would arise where the trial judge would
be at a loss to know whether the situation was covered by the
*Suren Case* or by this.  It is quite plain that these two
cases should be in harmony.

The question is whether the doctrine of the *Suren Case*
should be applied here, or whether it should be overruled.
Upon our further consideration we are satisfied that the
*Suren Case* was correctly decided, and the rule there an-
nounced should be applied here.  To be sure, there is no
statutory law requiring one driving a motor vehicle on the
highway to give warning of an intention to pass another
vehicle.  Neither is there any law requiring the driver of
the vehicle ahead to give warning of an intention to turn
to the left.  No doubt a warning by either of the parties to
this case would have avoided this accident.  Plainly there
is more reason for placing responsibility for an accident
such as this upon the person who intends to pass.  He is in
the rear and can see what is ahead.  He knows that upon
his giving warning the law imposes the duty upon the one
going ahead to turn to the right and permit him to pass.
He knows that in the absence of such a warning the one

driving ahead has the legal right to drive onto the left-hand side of the road if he chooses, and that he may exercise that right at the very moment he is attempting to pass.   This is especially true upon the highways in the country where this accident occurred.   Without attempting to excuse the defendant from negligence in this case for failure to give warning of her intention to turn into the driveway, we are unable to discover any reason for excusing the negligence of the plaintiff in his failure to give warning of his intention to pass the car.   We must hold that the plaintiff was guilty of contributory negligence, and that he cannot recover in this case.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.