McLAUGHLIN v. CURRY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES.
    Failure of the driver of a passing automobile to assure himself that his signals indicating his intention to pass are heard and understood by the driver of the car to be passed does not render him guilty of contributory negligence; the motor vehicle law making no such requirement.

2. SAME — FAILURE TO GIVE SIGNAL ON MAKING LEFT TURN — STATUTES.
    Failure of the driver of an automobile about to make a left turn to extend his arm, as required by section 4, Act No. 96, Pub. Acts 1923, is negligence *per se*.

3. TRIAL—INSTRUCTIONS—RESTATEMENT OF CORRECT RULE OF LAW NOT ERROR.
    The restatement of a correct rule of law is not error, unless it renders the charge open to the criticism that it is argumentative.

4. NEGLIGENCE—MOTOR VEHICLES—DRIVER OF PASSING AUTOMOBILE NOT REQUIRED TO GIVE SIGNAL—STATUTES.
    Under Act No. 96, Pub. Acts 1923, no duty of giving an

[1]Motor Vehicles, 42 C. J. § 680; [2]Id., 42 C. J. § 726; 24 A. L. R. 508; 47 A. L. R. 703; [3]Trial, 38 Cyc. p. 1682.

audible signal was placed on the driver of a passing auto-
mobile, but the duty of yielding was placed on the driver
of the passed car when such signal was given.

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where, in an action for damages caused to plaintiff by a
   collision between the automobile in which he was riding
   and that driven by defendant, the latter was guilty of
   negligence as matter of law, but on the question of plain-
   tiff's contributory negligence the evidence was conflicting,
   said question was properly submitted to the jury.

6. SAME—WEIGHT OF EVIDENCE.
   Verdict in favor of plaintiff, held, not against the weight
   of the evidence.

7. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Defendant's motion for new trial on the ground of newly-
   discovered evidence, held, properly denied; showing as
   to diligence on part of defendant being insufficient.

Error to Kalamazoo; Weimer (George V.), J.    Sub-
mitted January 10, 1928.    (Docket No. 108.)    De-
cided April 3, 1928.

Case by James A. McLaughlin against Sam E. Curry
for personal injuries.    Judgment for plaintiff.    De-
fendant brings error.    Affirmed.

*Harry C. Howard,* for appellant.

*J. Paul Wait (John W. Adams,* of counsel), for ap-
pellee.

FELLOWS, J.    Plaintiff was injured in a collision
of the automobile in which he was riding, driven by
his son 22 years old, and the car owned and driven
by defendant on M 13 about four miles south of the
city of Kalamazoo.    We shall refer to defendant's
car as the "front" car, and the one in which plaintiff
was riding as the "rear" car.    Both cars were going
south.    A short distance north of the point of the

5Motor Vehicles, 42 C. J. § 1099; 6Id., 42 C. J. §§ 1044, 1046;
7New Trial, 29 Cyc. p. 886.

accident there was a parked car on the west side of the road. The front car pulled out to the left to pass it, and the rear car did likewise. The testimony introduced on behalf of plaintiff tended to establish that after passing the parked car, the front car turned to the right perceptibly indicating that it was resuming its position in the right track. Defendant's testimony tended to establish that the front car did not yield to the right but continued on the left side of the center of the road. Plaintiff's testimony tended to show that the rear car was going 25 to 30 miles an hour, and defendant's that the front car was not traveling to exceed 12 miles an hour. The testimony fairly sustains both contentions as to the rate of speed. Plaintiff's testimony and that of other occupants of the rear car tends to show that after passing the parked car and after the front car had yielded to the right, the driver of the rear car sounded his horn for the second or third time and turned to the extreme left-hand side of the road; the front car turned to the left to go into a driveway leading to a residence on that side of the road and the collision occurred. Defendant admits he did not comply with section 4 of Act No. 96, Pub. Acts 1923, by extending his arm outside the car indicating that he was about to make a left-hand turn, but testifies that he held up his right hand within the car. He denies that the horn was sounded and there is negative testimony corroborative of this.

This statement of the testimony demonstrates that the trial judge did not err in refusing to direct a verdict for defendant. The assignments of error based on rulings of the court on the admissibility of testimony present no reversible error. In some instances the questions asked by defendant's counsel called for conclusions of the witness, and in other instances the information sought was elicited by other

questions before the examination of the witness was concluded.     So far as defendant's requests stated the applicable law they were given in substance in the elaborate charge of the trial judge.

One contention advanced by defendant's counsel in his requests requires consideration.     In the main defendant's requests dealt with the subject of the claimed contributory negligence of plaintiff's driver.     In different phraseology but to the same end defendant's counsel requested instruction to the effect that the driver of a passing car was required to assure himself that his signals were heard and understood by the driver of the car to be passed before he undertook to pass, and unless he was so assured he would be guilty of contributory negligence.     The trial judge refused to give any of these requests or their substance.     In this we think he was right.     To follow defendant's contention would place on the driver of the passing car too high a degree of care.     It was not required by the motor vehicle law then in force, and just how the driver of the passing car would be assured that his signal was heard and understood is not pointed out.     The stoic driver who pays attention to his driving, and his driving alone, would never be passed except at the peril of the driver of the passing car, and the slow-moving vehicle would hold up the traffic indefinitely except for those of the more venturesome type who would be required to assume the responsibility of anything and everything which might happen, and be held guilty of negligence which would bar their recovery for any and all damages irrespective of the negligence of the driver of the car passed.     We can not subscribe to this doctrine.

Defendant admitted he did not extend his arm as required by section 4, Act No. 96, Pub. Acts 1923. This was in violation of the statute and negligence *per se.*     The trial judge so instructed the jury.     He

committed no error in so doing.     But defendant's counsel says he repeated this instruction several times. It is true that he did.     But the restatement of a correct rule of law is not error.     The charge in the instant case was a long one, covering over 18 pages of the printed record, and some repetition of necessity occurs in a charge of such length.     Cases may arise where such repetition would render the charge argumentative, but we do not think the charge here open to such criticism.

The trial judge read to the jury the following portions of section 18, Act No. 287, Pub. Acts 1925:

"The operator of a motor vehicle on the public highways shall use due care when meeting or passing any other vehicle or person.     If any vehicle on the highway be overtaken by a motor vehicle and the person in charge of such motor vehicle signals to pass, it shall be the duty of the driver of any such vehicle so overtaken to turn to the right of the center of the highway and give the person making the signal an opportunity to pass."     *     *     *

He charged that the plaintiff's driver was bound to use due care in passing, but also charged that he was not required by this section to sound his horn.     Section 14 (b), Act No. 318, Pub. Acts 1927, was not in force when the accident occurred.     By the act of 1927 the duty of giving an audible signal was placed on the driver of the passing car, while under the act of 1925 the duty of yielding was placed on the driver of the passed car when and if the signal was given.     The trial judge correctly stated to the jury the effect of the statute then in force.     A duty was placed on the driver of the passed car to yield if the signal was given, but the duty to give the signal was not placed by the statute on the driver of the passing car.

The trial judge also called to the attention of the jury section 2 of Act No. 96, Pub. Acts 1923, having reference to slow-moving vehicles.     He did not instruct

them that it was controlling, but left to them to consider whether defendant's car on the occasion fell within that class, and whether the statute was applicable. If defendant was driving 10 or 12 miles an hour, his car would probably be a slow-moving vehicle in this day and age. The instruction was not erroneous. But, as the case was tried, it was academic. The crucial question in the case was that of the contributory negligence of the plaintiff's driver. As noted, defendant admitted he did not give the signal required for a left-hand turn. He was guilty of negligence as matter of law. The controversy centered on the question of contributory negligence, and upon this question the trial judge repeatedly gave to the jury the correct rule, in some instances using the language of defendant's requests. Upon this question the evidence was conflicting. That of the plaintiff and his witnesses was accepted by the jury, and their verdict was not against the weight of the evidence.

A motion for a new trial on the ground of newly-discovered evidence was made. We agree with the trial judge that sufficient diligence on the part of defendant to entitle him to a new trial on this ground was not shown.

The judgment will be affirmed.

NORTH, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.