STATE OF IOWA, appellee, v. CARROLL BERTRUM LURA, appellant.

No. 51313.

(Reported in 128 N.W.2d 276)

MAY 5, 1964.

Smedal, Maurer & Brewer, of Ames, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, George R. Larson, Story County Attorney, and Frank B. Johnston, Assistant County Attorney, for appellee.

THORNTON, J.—Defendant was convicted of violating section 321.298, Code of Iowa, 1962. (All references herein are to the Code of Iowa, 1962.) He appeals urging the evidence does not show he violated section 321.298, if he violated anything it was either section 321.297 or section 321.320.

The evidence shows defendant was driving west on County Road D in McCallsburg in Story County. As defendant approached an intersecting north-and-south street he put on his left-turn lights. There were no traffic control signals affecting defendant. Defendant stopped on the north half of the highway at the intersection for a motor vehicle coming onto County Road D from the south. He then turned left, south, and was struck by an eastbound car. The eastbound car, by the driver's admission, was traveling 50 to 55 m.p.h. in a 30 m.p.h. zone. The eastbound car left skid marks for approximately 90 to 95 feet. The point of impact was in the southeast quadrant, the front of the eastbound car coming in contact with the right front corner of defendant's car. The eastbound driver saw defendant's left-turn signal for quite a long period, 600 to 800 feet, when he saw defendant stopped on the north half of the road he accelerated to get through the intersection but defendant turned left in front of him, he applied his brakes but was unable to stop to avoid the collision. Defendant testified he stopped at the intersection for the car from the south, saw the eastbound car a block away, then turned and when his front wheels were off the county road to the south the accident occurred.

Defendant moved for a directed verdict because section 321.298 is not applicable. His argument goes both to section

321.298 not being applicable because it is applicable only outside of cities and towns and section 321.320 is applicable to left turns at intersections.

Defendant was convicted of violating section 321.298. It provides:

"Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."

Section 321.297 is, "The operator of a motor vehicle, in cities and towns, shall at all times travel on the right-hand side of the center of the street."

Section 321.311, in pertinent part, is as follows:

"The driver of a vehicle intending to turn at an intersection shall do so as follows: * * *

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered."

Section 321.320 is, "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

The evidence on behalf of the State shows defendant did comply with sections 321.314, 321.315 and 321.317 bearing on signals for a left turn.

It is apparent that it is not necessary that section 321.298 apply within cities and towns to carry out the evident purpose in view of section 321.297. And the import of language used in Rusch v. Hoffman, 223 Iowa 895, 898, 274 N. W. 96, is that it does not apply in cities and towns. And strong indications thereof in Kisling v. Thierman, 214 Iowa 911, 913, 243 N.W. 552; Winter v. Davis, 217 Iowa 424, 434, 435, 251 N.W. 770;

Jordan v. Schantz, 220 Iowa 1251, 1256, 264 N.W. 259; and Silvia v. Pennock, 253 Iowa 779, 787, 113 N.W.2d 749.

However, as urged by the State, the term "public high-way" applies to city and town streets as well as highways outside of cities and towns. Section 321.1, paragraph 48.

In view of section 321.320 it is not necessary to determine whether section 321.298 is applicable in cities and towns to decide this case. Section 321.298 applies to vehicles meeting, i.e., passing while going in opposite directions, and provides the manner of yielding the right-of-way. Section 321.320 applies not to vehicles simply meeting with the intent to pass but to vehicles meeting at a particular place, an intersection, where one driver intends to turn left and across the path of the other, and provides the manner of yielding the right-of-way not only for the left-turning vehicle but for the other meeting vehicle as well. It is apparent the manner of yielding provided is other than by simply turning to the right. It is also apparent the driver of the left-turning vehicle may turn left across the path of the other meeting vehicle (approaching from opposite direction) when he has yielded to vehicles within the intersection or those so close as to constitute a hazard and then the other driver must yield to the one making a left turn.

Section 321.298 applies to the general situation of meeting vehicles, section 321.320 to the particular situation when one of the drivers of the meeting vehicles intends to turn left at an intersection.

The State urges that when the same facts constitute separate offenses under different statutes the prosecutor may proceed under whichever law or statute he sees fit. This of course is often true. See United States v. Greenberg, 268 F.2d 120, 122; People v. Flynn, 330 Mich. 130, 47 N.W.2d 47, 48; and State v. Bolsinger, 221 Minn. 154, 21 N.W.2d 480, 488. But such is not applicable here where separate and distinct rights and duties are required of the motorists intending to turn left and approaching the intersection.

There is no evidence in this case to sustain a finding defendant was not entitled to the benefits and subject to the duties imposed by section 321.320. He was not cutting the corner.

In a civil case we have held section 321.298 inapplicable to a left turn at a Y intersection. In Enfield v. Butler, 221 Iowa 615, 628, 264 N.W. 546, 553, we said:

"Section 5020 [now section 321.298] is intended to apply to cars going in opposite directions on the same highway in passing, * * *. Section 5020 has no application here. See Buzick v. Todman, 179 Iowa 1019, 1022, 162 N.W. 259; Wagner v. Kloster, 188 Iowa 174, 182, 175 N.W. 840."

In civil cases each situation is subject to separate instructions. See Instruction No. 4.6 and Instruction No. 4.21, Iowa Uniform Jury Instructions.

In L'Esperance v. Sherburne, 85 N. H. 103, 105, 155 A. 203, 204, 205, a civil damage action where a defendant turned left across the highway into a private drive, the court, in discussing the applicability of a statute similar to section 321.298, said:

"The statute regulates the acts of those meeting and passing one another on the highway. It makes no reference to conduct when the route of one lies across the route of the other. It contemplates a situation where, if the statute is obeyed, there cannot be a collision because the paths never meet. In this case their paths of necessity crossed, and the rule that each should keep off the other's right of way cannot be applied."

In considering sections 321.298, 321.311 and 321.320 it should be noted section 321.298 appeared in the Revision of 1860 in substantially the same form as it does today. In 1927 it was amended to include motor vehicles, and at all times it has regulated the flow of traffic of vehicles whose routes do not cross. Sections 321.311 and 321.320 are statutes designed to govern vehicles whose routes do cross. If section 321.298 covered the rights of drivers of vehicles whose routes are intended to cross there would be no necessity for the enactment of section 321.320.

The State's evidence in the case shows defendant came within the provisions of sections 321.311 and 321.320. There is no evidence he violated section 321.298. The case is therefore reversed and remanded with directions to dismiss the charge.— Reversed and remanded.

All JUSTICES concur.